UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN MORRISON,<br><br>       Plaintiff,<br><br>   v.<br><br>NEW YORK STATE TROOPER MICHAEL STRAIN, SARATOGA COUNTY SHERIFF DEPUTY ALEXANDER RONEY, and SARATOGA COUNTY SHERIFF DEPUTY PAUL PECOR, individually and In their official capacity,<br><br>       Defendants. | Case No.  1:23-cv-232 (AMN/ML)<br><br>**42 U.S.C. § 1983 COMPLAINT FOR DAMAGES**<br><br>**USE OF EXCESSIVE FORCE**<br><br>**UNLAWFUL ARREST**<br><br>**UNLAWFUL IMPRISONMENT**<br><br>**DEMAND FOR JURY TRIAL** |

E. STEWART JONES HACKER MURPHY, LLP
James C. Knox, Esq.
Bar Roll No. 517109
*Attorneys for Plaintiff*
28 Second Street
Troy, NY 12180-3986
Telephone: (518) 274-5820

1

NOW COMES plaintiff, RYAN MORRISON, by and through his attorneys, E. STEWART JONES HACKER MURPHY, LLP, complaining of defendants NEW YORK STATE TROOPER MICHAEL STRAIN, SARATOGA COUNTY SHERIFF DEPUTY ALEXANDER RONEY and SARATOGA COUNTY SHERIFF DEPUTY PAUL PECOR, alleging as follows:

## BACKGROUND AND JURISDICTION

1. This is an action for money damages bought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2. The defendants made an unreasonable seizure of plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and then further violated those same Amendments by using excessive force against plaintiff.

## PARTIES

3. Plaintiff is a resident of the State of New York.

4. At all relevant times, defendant NEW YORK STATE TROOPER MICHAEL STRAIN (hereinafter "TROOPER STRAIN") was a duly-appointed and acting law enforcement officer of the State of New York, acting under color of the statutes, ordinances, regulations, policies, customs, practices and usages of the State of New York.

5. At all relevant times, defendant SARATOGA COUNTY SHERIFF DEPUTY ALEXANDER RONEY (hereinafter "SHERIFF DEPUTY RONEY") was a duly-appointed and acting law enforcement officer of the sheriff's department of the defendants COUNTY OF

SARATOGA and COUNTY OF SARATOGA SHERIFF'S DEPARTMENT, acting under color of the statutes, ordinances, regulations, policies, customs, practices and usages of the COUNTY OF SARATOGA and COUNTY OF SARATOGA SHERIFF'S DEPARTMENT.

6. At all relevant times, defendant SARATOGA COUNTY SHERIFF DEPUTY PAUL PECOR (hereinafter "SHERIFF DEPUTY PECOR") was a duly-appointed and acting law enforcement officer of the sheriff's department of the defendants COUNTY OF SARATOGA and COUNTY OF SARATOGA SHERIFF'S DEPARTMENT, acting under color of the statutes, ordinances, regulations, policies, customs, practices and usages of the COUNTY OF SARATOGA and COUNTY OF SARATOGA SHERIFF'S DEPARTMENT.

## DEMAND FOR JURY TRIAL

7. Plaintiff demands a jury trial on all causes of action.

## FACTS

8. On June 17, 2022, plaintiff was lawfully at his residence located at North Point Apartments, 1688 Route 9, Building 1, Apartment 10N in the Town of Halfmoon, County of Saratoga and State of New York.

9. At approximately 5:26 p.m. on said date, in the course of their employment, defendants TROOPER STRAIN and SHERIFF DEPUTY RONEY traveled to the apartment complex where plaintiff resides in response to a third-party report of an alleged domestic incident.

10. After defendants TROOPER STRAIN and SHERIFF DEPUTY RONEY received no answer to TROOPER STRAIN's knocks on the plaintiff's apartment door, TROOPER STRAIN obtained a key from the leasing office to gain entry into plaintiff's apartment.

3

11. Upon their return to the apartment building from the leasing office, defendants TROOPER STRAIN and SHERIFF DEPUTY RONEY were met by plaintiff.

12. Defendant TROOPER STRAIN advised plaintiff to remain with defendant SHERIFF DEPUTY RONEY on the ground level while he attempted to gain entry into plaintiff's apartment.

13. As defendant TROOPER STRAIN was entering plaintiff's apartment, plaintiff came up the stairs with defendant SHERIFF DEPUTY RONEY following.

14. Plaintiff entered the apartment with defendant TROOPER STRAIN.

15. When plaintiff asked defendants TROOPER STRAIN and SHERIFF DEPUTY RONEY to leave and did not answer any of their questions, defendants TROOPER STRAIN and SHERIFF DEPUTY RONEY used excessive force upon plaintiff to effectuate an unlawful arrest of plaintiff unsupported by probably cause or lawful right.

16. In the course of effectuating such arrest, defendants TROOPER STRAIN and SHERIFF DEPUTY RONEY slammed plaintiff bodily to the ground causing his left shoulder to be traumatically injured and fractured.

17. As plaintiff was forcefully subdued on the ground and under the control of SHERIFF DEPUTY RONEY, defendant SHERIFF DEPUTY PECOR forcefully stomped on plaintiff's left foot and ankle in a further unlawful attempt to subdue and control plaintiff, causing substantial pain and injury to plaintiff's left foot and ankle.

18. Although plaintiff was not resisting, defendants TROOPER STRAIN, SHERIFF DEPUTY RONEY and SHERIFF DEPUTY PECOR used excessive force upon plaintiff to effect

his arrest.

19. Plaintiff was thereafter transported by ambulance to Samaritan Hospital in Troy, New York where he was observed to have extreme pain to his left shoulder.

20. While at Samaritan Hospital, plaintiff was diagnosed with an acute displaced and angulated fracture of the midshaft of the left clavicle.

21. As a direct and proximate result of defendants' use of unnecessary and excessive force, plaintiff was caused to incur personal and permanent injuries, loss of use and motion, loss of enjoyment of life, pain and suffering, medical expenses and lost wages.

22. On or about June 17, 2022, defendants filed charges against plaintiff knowingly and falsely alleging that plaintiff had committed violations of Resisting Arrest (Penal Law §205.30) and Obstructing Governmental Administration 2d (Penal Law §195.05).

23. Defendants knowingly filed these charges against plaintiff without probable cause and with the intent to justify their use of excessive force upon plaintiff and their unlawful arrest and imprisonment of plaintiff.

24. Said charges against plaintiff have been adjourned in contemplation of dismissal in the Halfmoon Town Court.

25. At all times relevant hereto, upon information and belief, defendants were engaged in a joint venture.

26. Upon information and belief, defendants assisted each other in performing the various actions described above and lent their physical presence, support and authority of their respective offices to each other during the events described herein.

27. At all times during the events described above, upon information and belief, defendants materially aided and worked with each other.

28. The actions of defendants caused physical and permanent injury and substantial pain to plaintiff, including but not limited to a left clavicle fracture, bruising and contusions, left foot and ankle pain, loss of use and motion, and psychological and emotional trauma and economic losses, including medical expenses and lost wages.

## **COUNT ONE**

### **42 U.S.C. §1983**
### **Use of Excessive Force**

29. Plaintiff realleges and incorporates by reference herein all preceding paragraphs of plaintiff's Complaint.

30. Defendants, by the actions described above, used excessive force against plaintiff on June 17, 2022 in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

31. As a direct and proximate result of the use of excessive force by defendants, plaintiff was injured and damaged by defendants.

32. These damages include personal and permanent injuries, loss of use and motion, pain and suffering and emotional and psychological trauma; as well as economic loss, including medical expenses and lost wages.

## **COUNT TWO**

### 42 U.S.C. § 1983
### False Arrest and Unlawful Imprisonment in Violation of the
### Fourth and Fourteenth Amendments of the United States Constitution

33. Plaintiff repeats and realleges each and every allegation above as if set forth fully herein.

34. Even though plaintiff committed no crime, defendants, acting without probable cause, falsely arrested and unlawfully imprisoned plaintiff.

35. As a direct and proximate result of plaintiff's false arrest and unlawful imprisonment by defendants, plaintiff was injured and damaged by defendants.

36. These damages include personal and permanent injuries, loss of use and motion, pain and suffering and emotional and psychological trauma; as well as economic loss, including medical expenses and lost wages.

WHEREFORE, plaintiff requests that this Court:

a. Award compensatory damages to plaintiff against defendants, jointly and severally;

b. Award punitive damages against defendants, as determined by a jury;

c. Award reasonable attorney's fees to plaintiff on both counts;

d. Award costs of this action to plaintiff; and

e. Award plaintiff such other and further relief as this Court may deem appropriate.

Dated: February 16, 2023

          E. STEWART JONES HACKER MURPHY, LLP

          By: /s/ James C. Knox
              James C. Knox
          Bar Roll No. 517109
          *Attorneys for Plaintiff*
          28 Second Street
          Troy, New York 12180
          Telephone:  (518) 274-5820
          Facsimile:  (518) 274-5875
          E-Mail:  jknox@joneshacker.com